# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60462
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2019

Lyle W. Cayce
Clerk

WILDER RODRIGO PEREZ-VAIL,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 211 348

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.
PER CURIAM:[*]

Wilder Rodrigo Perez-Vail, a native and citizen of Guatemala, seeks review of the Board of Immigration Appeals's (BIA's) order dismissing his appeal from the Immigration Judge's (IJ's) decision denying his request for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). With respect to the asylum and withholding of removal claims, Perez-Vail contends the BIA erred by concluding he was not a member of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60462

particular social group comprised of (1) adolescent Guatemalan males possessing certain attributes (here, height) that gangs find favorable or (2) Guatemalan children whose parents live outside the country.

We review questions of law de novo and factual findings for substantial evidence, i.e., we will not disturb a factual finding unless the evidence compels a contrary conclusion. *Milat v. Holder*, 755 F.3d 354, 359 (5th Cir. 2014). Substantial evidence supports the finding that Perez-Vail's first proposed particular social group lacks social distinction and particularity and that his second proposed group lacks social distinction and a shared immutable characteristic. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518–20 (5th Cir. 2012). We lack jurisdiction to consider Perez-Vail's claim that he belongs to a group comprised of evangelical Christians because it was not exhausted. *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009); *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001). Perez-Vail has not shown the evidence compels a conclusion contrary to that reached by the IJ and BIA on whether he was entitled to asylum. *See Milat*, 755 F.3d at 360. He concomitantly has not shown he is entitled to withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Further, Perez-Vail has abandoned his CAT claim based on his failure to adequately brief the issue. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004). Finally, because Perez-Vail cannot make the requisite showing, we deny his motion to stay deportation. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

Petition for review DENIED; motion to stay DENIED.